1
2
3
4
5

6           UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
7                      AT SEATTLE

8  TRACY MARCELLI,

9              Plaintiff,                    Case No. C14-721 RSM-BAT

10       v.                                  **REPORT AND**
                                             **RECOMMENDATION**
11  CAROLYN W. COLVIN, Commissioner of
    Social Security,
12
               Defendant.
13

14       Tracy Marcelli appeals the ALJ's decision[1] finding her not disabled, contending the ALJ

15 harmfully erred by failing to account for limitations assessed by Kelly Bartlett, Ph.D., and Peter

16 Pfeiffer, Ph.D.  Dkt. 13 at 1, 10.  Applying the five step disability evaluation process, the ALJ

17 found mild osteoarthritis in the feet, ADHD, depressive and anxiety disorder, borderline

18 intellectual functioning and pain disorders were severe impairments; these impairments did not

19 meet the Listings; and that Ms. Marcelli could not perform her past work.  Tr. 13-15.  Ms.

20 Marcelli does not contest these findings.  Dkt. 13 at 10.  Rather, she contends the RFC assessed

21 by the ALJ,[2] failed to account for all limitations assessed by Drs. Bartlett and Pfeiffer.  She

22 ─────────────────────
   [1] The Appeals Council denied review making the ALJ's decision the Commissioner's final
23 decision.
   [2] The ALJ found Ms. Marcelli had the RFC to perform light work limited to unskilled, repetitive

REPORT AND RECOMMENDATION - 1

further argues this failure was harmful because the hypothetical questions to the Vocational Expert ("VE") did not include all of her limitations, resulting in an erroneous step five finding that she was not disabled. *Id.* The Court concludes the ALJ failed to account for all limitations assessed by Drs. Bartlett and Pfeiffer. Accordingly, the Court recommends the case be **REVERSED** and **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

**A.     Kelly Bartlett, Ph.D.**

The ALJ accorded great weight to Dr. Bartlett's opinions regarding the extent of Ms. Marcelli's numerous mental impairments. Tr. 18. Dr. Bartlett opined Ms. Marcelli's cognitive impairments limited her to work that is "straightforward and basic in complexity, that has clear performance parameters, that is devoid of a prominent divided attention component, and that can be learned through extended demonstration-oriented and practice based coaching assistance"; she would have difficulty "even with a task that is focused and devoid of prominent divided attention component if she were required to process novel information rapidly without error"; and "her interactive manner is sufficiently impulsive and confusing that her ability to establish and maintain the level of rapport necessary for ongoing job relations or even a job interview is considered severely impaired." Tr. 317.

The ALJ found "Dr. Bartlett's medical opinion as to [Ms. Marcelli's] mental functioning alone is consistent with a residual functional capacity for unskilled, repetitive, routine work." Tr. 18. Ms. Marcelli contends this finding is erroneous because it fails to address or incorporate all of the mental limitations Dr. Bartlett found. Dkt. at 5-6 (citing Tr. 317).

---

routine work, no public contact and frequent contact with supervisors and coworkers. Tr. 15.

The Court agrees. An ALJ assesses medical evidence by setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation of the facts and evidence, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ must do more than offer his conclusions; he must also explain why his interpretation, rather than the treating doctor's interpretation, is correct. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). The requirement that an ALJ explicate his or her reasoning is not an academic point but a necessity that if skipped would obviate any meaningful review. *Cf. Podgorney v. Barnhardt,* 214 Fed. Appx., 648, 650 (9th Cir. 2006) (unreported) (ALJ's unclear conclusions and failure to include the contested documents in the administrative record "exacerbated this ambiguity and rendered judicial review of its decision impractical if not impossible."); *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004) (the ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony.") (internal citations and quotations omitted).

Here, although the ALJ accorded great weight to all of Dr. Bartlett's opinions regarding Ms. Marcelli's numerous mental limitations, he failed to explain how or why "unskilled, repetitive, routine work" accounted for the other mental limitations assessed by Dr. Bartlett, i.e., that Ms. Marcelli had attention problems, required extended demonstration-oriented and practice based coaching assistance, could not process novel information rapidly without error, and could not work with others. Tr. 317. Instead, the ALJ simply noted Dr. Bartlett's findings and incorrectly stated in a conclusory fashion that Ms. Marcelli was limited to "unskilled repetitive, routine work." Tr. 18. *Cf. Regennitter v. Comm'r Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir.1999) ("[C]onclusory reasons will not justify an ALJ's rejection of a medical opinion.").

REPORT AND RECOMMENDATION - 3

The Commissioner defends the ALJ's finding that "unskilled, repetitive, routine work" accurately encompasses all of the limitations that Dr. Bartlett found by providing explanations not articulated by the ALJ. *See* Dkt. 17 at 2-4.  Because the ALJ did not provide or rely on these explanations, the Court rejects them as impermissible post-hoc rationalizations. *Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1225 (9th Cir. 1995).   In any event, the Commissioner's defense of the ALJ's finding that Ms. Marcelli had the mental or cognitive ability to perform the jobs identified by the vocational expert is not supported by substantial evidence.  The Commissioner argues the ALJ "reasonably accommodated [Dr. Bartlett's opinion that Ms. Marcelli had limitations working with other people] by limiting Plaintiff's interaction with supervisors and coworkers." Dkt. 17 at 4.   The record shows otherwise.  The ALJ found Ms. Marcelli could perform work as a "Motel Cleaner, Dictionary of Occupational Titles (DOT) # 323.687-014." Tr. 20.  The DOT describes this job as requiring a worker to "Check[ ] wraps and **render[ ] personal assistance to patrons**." *See* Dictionary of Occupational Titles (DOT) # 323.687-014, *available at* 1991 WL 672783 (emphasis added).  This job description is inconsistent with the ALJ's finding that Ms. Marcelli has the RFC to "do work with **no public contact**." Tr. 15 (emphasis added).[3]

The ALJ also found Ms. Marcelli could perform work as a "Bench Assembler (DOT # 706.684-042." Tr. 20.  This job requires a worker to have the reasoning ability of 2 to "apply commonsense understanding to carry out **detailed** but uninvolved written or oral instructions.

---

[3] The Court has also considered whether the vocational expert provided testimony establishing there were motel cleaner jobs that existed in significant numbers in the national economy that Ms. Marcelli could perform without having any contact with the public.  The Court concludes no such testimony was given.  The vocational expert testified a motel cleaner might have "incidental contact." Tr. 48.  This testimony was clarified by the ALJ's statement "[a]nd that's what I meant, not incidental but having actually interact with **co-workers and supervisor**s." Tr. 49 (emphasis added).

REPORT AND RECOMMENDATION - 4

Deal with problems involving few concrete variable in or from standardized situations,"[4] and a language level of 2 with the ability to "look[ ] up unfamiliar words in dictionary for meaning, spelling and pronunciation." These are work demands which are inconsistent with Dr. Barlett's opinion that Ms. Marcelli was limited to work that was straightforward and **basic in complexity** and could not process novel information rapidly without error.[5] Additionally the DOT describes Bench Assembler as assembling parts for yard and garden care equipment such as reels, steering handles, and gear boxes, **following specifications** and using handtools and **power tools** such as pneumatic impact wrench and clinching gun and a riveting press machine. This is a job description that is also inconsistent with Dr. Bartlett's opinion that Ms. Marcelli was limited to jobs that were straightforward and basic in complexity.

Accordingly, the Court concludes the ALJ's step five finding that Ms. Marcelli could perform work as a motel cleaner or bench assembler does not adequately account for all cognitive limitations found by Dr. Bartlett, the ALJ's step five finding is not supported by substantial evidence, and the case should be remanded for further administrative proceedings.

**B.      Peter Pfeiffer, Ph.D.**

Dr. Pfeiffer diagnosed Ms. Marcelli with mild osteoarthritis. He opined "her complaint overall is mildly limiting," and that Ms. Marcelli "can stand or walk for eight hours in an eight hour day and one hour continuously during the day due to her bilateral foot pain." Tr. 373. The ALJ found an RFC of light work was consistent with Dr. Pfeiffer's opinions. *Id*. As with his treatment of Dr. Bartlett's opinions, the ALJ erred by rendering a conclusory finding Dr. Pfeiffer's opinions were consistent with light work. This conclusory finding leaves unanswered

---

[4] *See* DOT 706.648.042 *available at* 1991 WL 679055.
[5] *See Blakley v. Astrue*, 2009 WL 279029, at *6 (W.D.Wash. 2009) (Noting simple repetitive work is more in line with reasoning level one).

REPORT AND RECOMMENDATION - 5

many critical questions. Dr. Pfeiffer indicated Ms. Marcelli must rest after standing continuously for only one hour, but did not indicate for how long. This is a factor which might or might not preclude light work under Social Security Regulation ("SSR") 83-12, which both parties contend is relevant to the case. Dkt. 17 at 5; Dkt. 20 at 10. The SSR indicates a person who must alternate periods of sitting and standing is not functionally capable of the prolonged standing or walking contemplated for most light work. But the SSR also indicates the need to take breaks does not automatically preclude an RFC of light work. *Id.* ("persons who can adjust to any need to vary sitting and standing by doing so at breaks, lunch, periods, etc. would still be able to perform a defined range of work."). As such, the ALJ should have further developed Dr. Pfeiffer's opinion about Ms. Marcelli's standing limitations, and asked the VE what impact, if any, such a limitation would have on Ms. Marcelli's ability to perform certain jobs. This would be consistent with SSR 83-12 which states:

> most jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task. Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand, a VS [vocation specialist] should be consulted to clarify the implications for the occupational base.

But rather than clarifying the record, the ALJ instead rendered a conclusory finding that Dr. Pfeiffer's opinion was consistent with the ability to perform the full range of light work. This finding is erroneous because the record simply does not indicate exactly what Dr. Pfeiffer's opinion about Ms. Marcelli's standing limitation amounts to. Perhaps, if the ALJ had asked, Dr. Pfeiffer would have opined Ms. Marcelli's need for breaks was inconsequential, a limitation that may be consistent with light work; on the other hand, the doctor might have opined Ms. Marcelli needed more significant breaks of 15 to 30 minutes, which would erode the ability to perform the

REPORT AND RECOMMENDATION - 6

full range of light work.  But the ALJ failed to clarify Dr. Pfeiffer's opinion, and thus the ALJ's finding that the opinion was consistent with light work cannot be deemed to be supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, the Court recommends the Commissioner's final decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the ALJ should reassess Dr. Bartlett's opinions regarding Ms. Marcelli's mental or cognitive limitations, reassess Dr. Pfeiffer's opinions about her standing/walking limitations, develop the record as necessary and proceed to step five as appropriate.

A proposed order accompanies this Report and Recommendation.  Objections to this Report and Recommendation must be filed no later than **November 18, 2014.**  If no objections are filed, the Clerk shall note the matter for **November 21, 2014,** as ready for the Court's consideration.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  Objections and responses shall not exceed eight pages.  The failure to timely object may affect the right to appeal.

DATED this 4th day of November, 2014.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7